UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL L. MISHLER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00781-TWP-DML |
| | ) |
| WEXFORD HEALTH OF INDIANA, et al., | ) |
| | ) |
| Defendants. | ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Paul Mishler is a prisoner currently incarcerated at New Castle Correctional Facility ("New Castle"). He filed this civil action alleging that the defendants have been deliberately indifferent to an ongoing skin rash. Because Mr. Mishler is incarcerated, this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less

stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Mishler names sixteen defendants: (1) Wexford Health of Indiana ("Wexford"); (2) Centurion Health of Indiana ("Centurion"); (3) Dr. M. Mitcheff, Regional Medical Director for Wexford; (4) Regional Medical Director for Centurion; (5) Dr. Erick Falconer; (6) Dr. John Nwannunu; (7) Racheal Schilling, Health Service Administrator; (8) Dianna Johnson, Nurse Practitioner; (9) Mark Stine, Nurse Practitioner; (10) New Castle Correctional Facility/GEO; (11) Mr. Sevier, warden; (12) Mr. Fitch, assistant warden; (13) Mr. Vandervort, executive assistant; (14) Mr. D. Denney, tort claim; (15) Hannah Winningham, grievance specialist; and (16) Charlene Burkette, Indiana Ombudsman.

Relevant to Mr. Mishler's complaint, Wexford was the medical care provider to inmates in the Indiana Department of Correction ("IDOC") until July 1, 2021, when Centurion became the contracted medical provider.

Mr. Mishler alleges that he began to experience a skin issue that was diagnosed as scabies by a nurse in January 2021. Medical providers employed by Wexford and Centurion have tried to treat the issue with Ivermectin, an anti-parasite drug typically used for animals. Mr. Mishler has experienced side effects that are commonly associated with Ivermectin. Mr. Mishler also continues to suffer from symptoms related to the rash including painful itching; trouble sleeping, sitting, or standing; trouble urinating; raw skin and open sores; and anxiety.

Mr. Mishler alleges that grievances related to delayed medical care at New Castle would often disappear. He alerted Mr. Denney, Mr. Vandervort, Mr. Fitch, and the ombudsman about the lost grievances and resulting delay in treatment but received no response.

Mr. Mishler alleges that other inmates on his unit also suffered from the rash presumed to be scabies and that nurses would violate his right to medical privacy by coming to the door of the unit and saying, "[A]ll those who have the itchy scratchies come to the door." Dkt. 1 at 19. This made Mr. Mishler uncomfortable and exposed him to harassment and danger from other inmates.

Mr. Mishler attributes his poor treatment to Wexford and Centurion policies that require special approval for certain medications and implicit practices that value profits over care; particular medical staff members who provided inadequate treatment; and New Castle staff who ignored grievances about the inadequate care and HIPAA violations.

Mr. Mishler seeks damages and injunctive relief.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

Mr. Mishler's Eighth Amendment deliberate indifference claims **shall proceed** against the following defendants: (1) Wexford; (2) Centurion; (3) Dr. Erick Falconer; (4) Dr. John Nwannunu; (5) Dianna Johnson, Nurse Practitioner; (6) Mark Stine, Nurse Practitioner; and (7) Hannah Winningham.

The following defendants are **dismissed** due to a lack of personal involvement in Mr. Mishler's medical care: (1) Dr. M. Mitcheff, Regional Medical Director for Wexford; (2) Regional Medical Director for Centurion; (3) Racheal Schilling, Health Service Administrator; (4) New Castle Correctional Facility/GEO; (5) Warden Sevier; (6) Assistant Warden Fitch; (7) Mr. Vandervort; (8) Mr. D. Denney; and (9) Charlene Burkette, Indiana Ombudsman.

"[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Whether supervisory personnel at a prison are sufficiently involved in an alleged constitutional violation such that they may be liable for damages often depends on that person's knowledge of, and responsibilities regarding, the alleged harm. The Seventh Circuit has recently discussed what factual circumstances are sufficient to make such a person legally responsible for an alleged constitutional violation.

Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017). Something more than generalized knowledge and inaction is required for personal responsibility. Although what additional allegations are required are case-specific, two scenarios are illustrative. First, the warden or other supervisor could be actually engaged with the underlying issue such that personal responsibility is present. *See, e.g., Haywood v. Hathaway*, 842 F.3d 1026, 1032-33 (7th Cir. 2016) (holding that the warden could be held personally responsible for the harm caused by cold prison conditions because the evidence showed he "had actual knowledge of the unusually harsh weather conditions, that he had been apprised of the specific problem with the physical condition of [the plaintiff's] cell . . . and that, during the time period of [the plaintiff's] complaint, the warden toured the segregation unit himself"). Or second, personal responsibility can be present when the underlying issue is the direct responsibility of the individual in question, rather than one for his or her subordinates. *Compare id.*; *Gray v. Hardy*, 826 F.3d 1000, 1008 (7th Cir. 2016) (holding that the warden was personally responsible for the alleged cell conditions, and distinguishing *Vance*, because the

warden "not only knew about the problems but was personally responsible for changing prison policies so that they would be addressed"), *with Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (holding that the supervisor at issue was not personally responsible; "[t]he Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.").

Mr. Mishler includes no facts suggesting that the following medical defendants had actual knowledge of his ongoing skin issue and chose to ignore it: Dr. Mitcheff, the Regional Medical Director of Centurion, or health service administrator Racheal Schilling.

Mr. Mishler alleges that he alerted the following defendants to his ongoing issue, and they failed to respond: Warden Sevier; Assistant Warden Fitch; Mr. Vandervort; Mr. D. Denney; and Charlene Burkette, Indiana Ombudsman. But these defendants are non-medical defendants who are entitled to "rely on the expertise of medical personnel." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). The Seventh Circuit has made clear that, "if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.* The Court is permitting a claim to proceed against grievance specialist Ms. Winningham, but this is based on Mr. Mishler's allegation that Ms. Winningham received and ignored grievances about his medical care.

New Castle/GEO Group is dismissed because (1) New Castle, as a building, is a non-suable entity, *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012), and (2) Mr. Mishler does not attribute his poor medical care to a GEO Group policy or practice, *see, e.g. Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (To prevail on a claim against a corporation acting under color of state law, plaintiff must show that that he was

deprived of a federal right, and then he must show that the deprivation was caused by the corporation's custom or policy or failure to implement a needed policy.).

Finally, any claim based on the Health Insurance Portability and Accountability Act (HIPAA) is **dismissed** for **failure to state a claim** upon which relief may be granted. "HIPAA prohibits the disclosure of medical records without the patient's consent." *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). Even so, "HIPAA confers no private right of action." *Id.*

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Mishla believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through September 1, 2022,** in which to identify those claims.

The **clerk is directed** to terminate (1) Dr. M. Mitcheff, Regional Medical Director for Wexford; (2) Regional Medical Director for Centurion; (3) Racheal Schilling, Health Service Administrator; (4) New Castle Correctional Facility/GEO; (5) Warden Sevier; (6) Assistant Warden Fitch; (7) Mr. Vandervort; (8) Mr. D. Denney; and (9) Charlene Burkette, Indiana Ombudsman as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants (1) Wexford; (2) Centurion; (3) Dr. Erick Falconer; (4) Dr. John Nwannunu; (5) Dianna Johnson, Nurse Practitioner; (6) Mark Stine, Nurse Practitioner; and (7) Hannah Winningham in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt [1], exhibits, dkt. [1-2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Centurion employees electronically.

The **clerk is directed** to serve Wexford of Indiana, LLC, electronically.

Defendants Dr. Erick Falconer, Dr. John Nwannunu, Nurse Dianna Johnson, and Nurse Mark Stine are identified as employees of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 8/2/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

PAUL L. MISHLER, JR.
173106
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronic service to Centurion
      Dr. Erick Falconer
      Dr. John Nwannunu
      Nurse Dianna Johnson
      Nurse Mark Stine

Electronic service to Wexford of Indiana, LLC

Hannah Winningham, Grievance Specialist
NEW CASTLE CORRECTIONAL FACILITY
1000 Van Nuys Road
NEW CASTLE, IN 47362